**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JOHANNA AMESTY-ARRIETA,           )
                                  )
            Petitioner,           )
                                  )
v.                                )    Case No. CIV-26-211-JD
                                  )
WARDEN, DIAMONDBACK               )
CORRECTIONAL FACILITY, et al.,    )
                                  )
            Respondents.          )

**ORDER**

Johanna Amesty-Arrieta, a noncitizen detainee, is named as Petitioner in this 28 U.S.C. § 2241 habeas corpus action filed on February 6, 2026. Doc. 1. However, Petitioner must cure two deficiencies before this action can proceed.

**I.      Ms. Calzadilla may not represent Petitioner**

A layperson and non-detainee named Angel Celeste Calzadilla purports to have filed the Petition on behalf of Petitioner as the "Older Daughter of the Petitioner – Pro Se." *Id.* at 6; *see also* Doc. 1-1 (stating that Ms. Calzadilla is signing the Petition and associated documents "On behalf of Petitioner – Pro Se"). The Petition is deficient, however, because it is not signed by Petitioner or a licensed attorney. Petitioner or a licensed attorney on her behalf must file an amended petition not later than March 4, 2026.

**a.   Ms. Calzadilla does not qualify as Petitioner's "Next Friend"**

First, Ms. Calzadilla has not established the stringent criteria for "next friend" standing to sue on behalf of Petitioner. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on her own. *Whitmore v. Arkansas*, 495 U.S.

149, 162 (1990).  But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."  *Id.* at 163.  To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability."  *Id.* at 165; *see also Williams v. Boone*, 166 F.3d 1223, 1999 WL 34856, at *5 (10th Cir. 1999) (unpublished table decision) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition.").  The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest."  *Whitmore*, 495 U.S. at 163-64.  The burden is on the next friend to "clearly establish the propriety of his status and thereby justify the jurisdiction of the court."  *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Ms. Calzadilla does not satisfy the *Whitmore* factors.  Ms. Calzadilla makes no allegations that Petitioner is unable to seek relief on her own due to mental incapacity or lack of access to the courts.  Further, Petitioner's status as a detainee does not sufficiently demonstrate that Petitioner is unable to file her petition justifying the need for a next friend. *See, e.g., Jiron*, 671 F. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Additionally, Ms. Calzadilla fails to provide any evidence that Petitioner is aware of Ms.

Calzadilla's purported status as her next friend.  Accordingly, without proof of Petitioner's authorization and her inability to act on her own behalf, the Court declines to recognize Ms. Calzadilla as Petitioner's "next friend."  *Williams*, 166 F.3d 1223, at *5.

Further, even if Ms. Calzadilla were appointed as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf but would have to employ counsel to do so.  *See United States v. Reese*, No. CIV-25-1447-SLP, 2025 WL 3516478, at *1 (W.D. Okla. Dec. 8, 2025) (concluding "if a 'next friend' elects to bring a suit on behalf of an individual, they must be represented by counsel themselves"); *see also Sutton v. Doe 1*, 736 F. App'x 212, 213 (10th Cir. 2018) ("However, pro se litigants, as [plaintiff] is in this case, may not bring 'next friend' suits." (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *Franklin v. Dep't of Homeland Sec.,* No. 19-CV-00314, 2019 WL 2183411, at *2 (D. Colo. May 20, 2019) (R&R) (applying *Meeker* to a § 2241 habeas proceeding).

### b.  Ms. Calzadilla is not an attorney

Federal law permits parties to "plead and conduct their own cases personally or by counsel."  28 U.S.C. § 1654.  Similarly, federal procedural rules mandate that "every pleading, written motion, and other paper must be signed by" either an "attorney of record" or the "party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (citation modified).  As such, federal law and procedural rules require that filings in federal court be signed either by an attorney of record or by the party personally—signature and representation by a nonlawyer are not permitted.

Ms. Calzadilla does not appear to be an attorney and has not filed an entry of appearance as she must do if she is, in fact, a licensed attorney appearing on behalf of

Petitioner.  *See* LCvR83.4.  Assuming that Ms. Calzadilla is not an attorney, she may not represent Petitioner or sign filings on her behalf.  *See Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654.  Because pro se means to appear for one's self, however, a person may not appear on another person's behalf in the other's cause." (citation modified)).

## II.     Filing Fee

Additionally, Petitioner has not paid the $5.00 filing fee required to initiate an action for writ of habeas corpus or, alternatively, filed a motion to proceed in forma pauperis.

## III.    Conclusion

Accordingly, not later than **March 4, 2026**, Petitioner must

1)    file an amended petition signed either (1) by a licensed attorney or, (2) should Petitioner wish to proceed pro se, by herself personally, and

2)    either pay the $5.00 filing fee or file a motion to proceed in forma pauperis.

Failure to do will likely result in dismissal of this action.  *See* LCvR3.2(b).  The Clerk of the Court is directed to send to Petitioner any forms necessary for compliance with this Order.

**IT IS SO ORDERED** this 11th day of February, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE