**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOHANNA AMESTY-ARRIETA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00211-JD |
| | ) | |
| WARDEN, DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Chris M. Stephens on March 18, 2026. [Doc. No. 8]. The R. & R. recommends that the Court dismiss without prejudice Petitioner Johanna Amesty-Arrieta's ("Petitioner's") Emergency Petition for a Writ of Habeas Corpus [Doc. No. 1]. For the reasons set forth below, the Court ACCEPTS the R. & R.[1]

Amesty-Arrieta is a non-citizen seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). [Doc. No. 1 at 3, 6]. The Petition was tendered on her behalf by Angel Celeste Calzadilla, who signed as Petitioner's "Older Daughter," purporting to act as next friend. [Doc. No. 1 at 6; Doc. No. 1-1]. Judge Stephens found that (1) Ms. Calzadilla had not established next-friend standing, (2) the Petition was deficient because it had not been signed by Petitioner or by a licensed attorney, and (3) the $5.00 filing fee had not been paid or a motion to proceed in forma

---

[1] Citations to the filings use ECF designations from the top of district court filings for both page numbers and exhibit numbers.

pauperis had not been filed. [Doc. No. 6 at 1–4]. Judge Stephens thus ordered Petitioner to, by March 4, 2026, (1) file an amended petition signed either by a licensed attorney or by herself personally and (2) either pay the filing fee or file a motion to proceed in forma pauperis. [Doc. No. 6 at 4]. Petitioner did not comply. The R. & R. thus concludes that the action should be dismissed without prejudice for failure to prosecute and comply with the Court's order and rules. R. & R. at 3. The R. & R. advised the Petitioner of her right to object by April 8, 2026, and warned that failure to timely object would waive appellate review of both factual and legal issues. *Id.* at 3–4. Petitioner did not file an objection or request an extension of time to do so.

## I.      LEGAL STANDARDS

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

When a magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations" after being served with a copy

2

of the magistrate judge's report. Fed. R. Civ. P. 72(b)(2). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.*

Two exceptions to the waiver rule exist: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120

3

## II.    DISCUSSION

The R. & R. sufficiently informed Petitioner of both the deadline for objecting and the consequences of failing to object. *See* R. & R. at 3. The interests of justice do not require review because the R. & R. was mailed to the filer's last known address, and the Court has no evidence of any effort to comply or an explanation for failure to do so. Thus, the firm waiver rule applies, and Petitioner has waived her right to challenge the R. & R. Alternatively, de novo review would lead the Court to reach the same conclusion as Judge Stephens.

## III.    CONCLUSION

For these reasons, the Court ACCEPTS the Report and Recommendation [Doc. No. 8] in its entirety and DISMISSES the Emergency Petition for a Writ of Habeas Corpus [Doc. No. 1] without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 9th day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE